**COMMONWEALTH OF PENNSYLVANIA,**
**Appellee,**

v.

**Howard AUSBERRY, Appellant.**

Superior Court of Pennsylvania.

Argued July 26, 2005.

Filed Jan. 20, 2006.

Peter Rosalsky, Public Defender, Philadelphia, for appellant.

Jeffrey Krulik, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: MUSMANNO, GANTMAN and TAMILIA, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 Howard Ausberry ("Ausberry") appeals from the judgment of sentence imposed after he was convicted of aggravated assault, simple assault, possession of an instrument of crime, and recklessly endangering another person.[1] We affirm.

¶ 2 The pertinent procedural history of this case is as follows.

[Ausberry] was arrested on December 16, 2003, for Aggravated Assault, Attempted Murder, Simple Assault, Possession of an Instrument of Crime, Terroristic Threats, Recklessly Endangering Another Person, and Harassment, stemming from events that took place on December 15, 2003. The evidence presented at trial established that [Ausberry] was engaged in a bar fight with Jerome Lanzey, Jr., and subsequently stabbed Mr. Lanzey three times in the back with a knife.[2]

On April 29, 2004, after a bench trial ..., [Ausberry] was adjudged guilty of

---

**1.** 18 Pa.C.S.A. §§ 2702, 2701, 907, 2705.

**2.** Lanzey testified at trial that Ausberry stabbed him four times, but later stated that he was unsure how many times he was stabbed. See N.T., 4/29/04, at 36–38. Lanzey also showed his scars to the trial judge, and the prosecutor described the scars. Id. at 39–40. The description of the scars is somewhat confusing as to whether there were three or four scars. See id.

Aggravated Assault, Simple Assault, Possession of an Instrument of Crime, and Recklessly Endangering Another Person....

[Ausberry] was sentenced on June 10, 2004, to a term of imprisonment of ten (10) to twenty (20) years pursuant to [42] Pa.C.S. § 9714(a)(1). Post-sentencing Motions were denied on June 18, 2004 and Petitioner filed a direct appeal on June 29, 2004....

Trial Court Opinion, 11/22/04, at 1–2.

¶ 3 At Ausberry's sentencing hearing, the trial court found that Ausberry had pled guilty, on July 14, 1997, to a first-degree felony ("felony one") burglary. N.T., 6/10/04, at 5. The trial court indicated that it had checked the quarter sessions file for Ausberry's burglary conviction in making this determination. *Id.* The trial court then indicated that Ausberry's conviction of aggravated assault in the instant case was "a second strike" under 42 Pa. C.S.A. § 9714. *Id.*

¶ 4 Ausberry raises the following issue on appeal: whether the trial court improperly imposed a "strike two" sentence under 42 Pa.C.S.A. § 9714 when this provision was inapplicable? *See* Brief of Appellant at 3.

¶ 5 Preliminarily, we note that section 9781 of the Judicial Code, concerning appellate review of sentences, provides that a "defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). The issue of the proper interpretation of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9714, the statute at issue in this case, has been held to implicate the legality of the sentence imposed. *See Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185, 188 (2005) (holding that, defendant's issue of whether the trial court properly applied the "three strikes" statute to the facts of his case "raises a ques-

tion of statutory construction, which is a pure question of law and which ... implicates the legality of [defendant's] sentence"); *see also Commonwealth v. Edrington,* 780 A.2d 721, 723 (Pa.Super.2001) (holding that issue of whether the sentencing court erred in failing to apply mandatory sentencing statute to defendant's case implicated the legality of the sentence, not its discretionary aspects). In the instant case, Ausberry's issue on appeal, *i.e.,* whether the trial court improperly applied the mandatory sentencing provisions of section 9714, raises a question of statutory construction, and thus, is an appealable issue implicating the legality of Ausberry's sentence. Accordingly, we will address the merits of Ausberry's claim.

¶ 6 Ausberry contends that the trial court improperly sentenced him under section 9714, the "second strike" statute, because his 1997 first degree burglary conviction did not meet the statute's definition of burglary as a crime of violence. Ausberry's argument is essentially one of statutory interpretation. In interpreting a statute, the object "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "Every statute shall be construed, if possible, to give effect to all its provisions." *Id.*

¶ 7 Section 9714 provides in pertinent part as follows:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.—**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding

any other provision of this title or other statute to the contrary. . . .

. . .

**(d) Proof at sentencing.** . . . The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. . . .

. . .

**(g) Definition.**—As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, *burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present,* robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S.A. § 9714 (emphasis added). Thus, section 9714 provides that a crime of violence includes, *inter alia,* "burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present." 42 Pa.C.S.A. § 9714(g).

¶ 8 The burglary statute, under which Ausberry was convicted in 1997, provided as follows:

§ 3502. Burglary

**(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

**(b) Defense.**—It is a defense to prosecution for burglary that the building or structure was abandoned.

**(c) Grading.**—

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

18 Pa.C.S.A. § 3502.

¶ 9 Ausberry contends that a burglary is a felony one burglary if (1) the structure entered is "adapted for overnight accommodation," *or* (2) an individual is present in the structure at the time of the actor's entry. Ausberry asserts that this definition of felony one burglary is inconsistent with the definition of a crime of violence as set forth in section 9714, which requires both (1) a structure adapted for overnight accommodation, *and* (2) an individual present in that structure at the time of the

actor's entry. *See* Brief of Appellant at 12. We disagree with Ausberry's ultimate conclusion.

¶ 10 We agree with Ausberry that a felony one burglary occurs (1) if the structure entered is "adapted for overnight accommodation," *or* (2) if an individual is present in the structure at the time of the actor's entry. However, we conclude that the definition of a felony one burglary includes another possible scenario, *i.e.*, (1) the structure entered is adapted for overnight accommodation, **and** (2) a person is present in the structure at the time of the actor's entry. It is precisely this category of felony one burglary that our General Assembly has designated as a crime of violence in section 9714.

¶ 11 Ausberry contends that a burglary defined as occurring (1) in a structure adapted for overnight accommodation where (2) an individual is present, is outside the realm of the statutory definition of felony one burglary and amounts to adding additional language to section 9714, *i.e.*, "burglary under circumstances where the burglarized structure was adapted for overnight accommodation in which at the time of the offense any person is present." *See* Brief of Appellant at 14–15. We disagree. Felony one burglary is defined in the statute in a negative manner. Section 3502(c)(1) sets forth the definition of a second degree burglary and states that, "except as provided in paragraph [ (c) ](2), burglary is a felony of the first degree." 18 Pa.C.S.A. § 3502(c)(1).

¶ 12 Section 3502(c)(2) provides as follows:

(2) If the building, structure, or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

18 Pa.C.S.A. § 3502(c)(2). Thus, a second degree burglary is one in which (1) the structure is not adapted for overnight accommodation, *and* (2) no individual is present. According to section 3502(c)(1), a burglary is a felony one burglary "except as provided in paragraph [ (c) ](2)." Thus, a felony one burglary, according to the statute, would include any of the following scenarios:

A. The structure is adapted for overnight accommodation and no individual is present.

B. The structure is not adapted for overnight accommodation and an individual is present.

C. The structure is adapted for overnight accommodation and an individual is present.

Our conclusion in this regard does not require the addition of any language to section 9714, as Ausberry contends.[3]

¶ 13 Ausberry does not deny that his 1997 conviction of burglary was one in which the structure was adapted for overnight accommodation and an individual was present.[4] He simply argues that the third category of felony one burglary, as

---

3. Our conclusion is consistent with our decision in *Commonwealth v. Guilford*, 861 A.2d 365 (Pa.Super.2004), in which we held that "the definition of a crime of violence based upon burglary in section 9714(g) corresponds to the definition of first degree burglary as set forth in section 3502(c)(1) and 3502(c)(2)." *Id.* at 375.

4. The trial court indicated in its Opinion filed in connection with this appeal, that, during

the 1997 burglary, Ausberry "went to the home of a man who had been in an argument with his daughter, forced his way inside, punched the victim in the face several times, and then fired a handgun at him. Therefore, the burglary was of a structure adapted for overnight accommodation, and at the time of the offense, a person was present." Trial Court Opinion, 11/22/04, at 3 n.5.

set forth above, is not included in the statutory definition of burglary. For the reasons set forth herein, we conclude that Ausberry's argument has no validity. As the definition of felony one burglary includes the scenario in which the structure entered is adapted for overnight accommodation, **and** an individual is present, the trial court did not err in determining that Ausberry's 1997 burglary conviction was a crime of violence. Thus, the trial court did not err in sentencing Ausberry under section 9714, the "second strike" statute.

¶ 14 Judgment of sentence affirmed.