J-S46024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TIMOTHY ANDREW HORAN | |
| Appellee | No. 152 MDA 2014 |

Appeal from the Order December 20, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003522-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 11, 2015**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed by the Court of Common Pleas of York County after Appellee, Timothy Horan, was found guilty of driving under the influence of alcohol ("DUI"),[1] following a bench trial.  After careful review, we affirm.

On March 4, 2013, a police officer observed Horan fail to yield the right-of-way at a two-way stop sign.  The officer stopped Horan, who exhibited signs of intoxication.  Horan admitted to having consumed alcohol and continued to show signs of intoxication during field sobriety tests.  The officer arrested Horan and advised him of the required implied consent

---

[1] 75 Pa.C.S. § 3802(a)(1).

warnings. However, Horan refused to have his blood drawn in order to test its alcohol level.

Following a bench trial, the court sentenced Horan to six months' Intermediate Punishment, considering this be the statutory maximum sentence according to the Vehicle Code. *See* 75 Pa.C.S. § 3803(a)(1). Thereafter, the Commonwealth filed this timely appeal, asserting that Horan's sentence is inappropriately short because the statutory maximum for a second offense involving a refusal to submit to chemical testing is five years' incarceration. *See* 18 Pa.C.S. § 1104(1); *see also* 19 Pa.C.S. § 106(b)(6).

The Commonwealth presents a challenge to Horan's sentence, asking this Court to determine which statutory provision controls the maximum sentence for Horan's DUI offense. A question of statutory construction creates an appealable issue implicating the legality of the sentence. *Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa. Super. 2006). When the legality of a sentence is implicated, "our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." *Commonwealth v. Martz*, 42 A.3d 1142, 1145 (Pa. Super. 2012).

The Vehicle Code defines DUI – general impairment as follows: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being

in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). The grading of this offense is dependent on other factors such as prior DUI-related offenses and whether the defendant refuses to submit to chemical testing. *See* 75 Pa.C.S. § 3803.

Ordinarily, the statutory maximum for a first-degree misdemeanor is five years' incarceration. 18 Pa.C.S. § 1104(1). However, the Vehicle Code provides:

> (a)   Basic offenses. – **Notwithstanding the provisions of subsection (b)** [that specify the offense is to be graded as a first-degree misdemeanor]:
>
> (1)   An individual who violates section 3802(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1) (emphasis added).

This Court was asked to analyze the same statutory provision in *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super. 2013). Relying on the fact that section 3802(a) begins "notwithstanding the provisions of subsection (b)," we held:

> [T]he plain language of [section 3803], giving the words their ordinary meanings, indicates as follows: regardless of the fact that refusal to submit to blood alcohol testing results in the grading of the offense as a first degree misdemeanor, **the maximum sentence for a first or second DUI conviction is six months' imprisonment.**

*Musau* 69 A.3d at 758 (emphasis added).

Here, Horan had committed one prior DUI offense and refused to submit to chemical testing. Thus, the instant DUI offense is graded as a misdemeanor of the first degree. 75 Pa.C.S. § 3803(b)(4). Nevertheless, pursuant to Section 3803(a)(1) of the Vehicle Code, the maximum term of imprisonment is six months.

The Commonwealth relies on **Commonwealth v. Barr**, 79 A.3d 668 (Pa. Super. 2013) in support of its position that five years' incarceration is the correct maximum sentence.[2] However, **Musau** is the current state of the law and, therefore, dispositive. Accordingly, the trial court did not err as a matter of law when it sentenced Horan to a maximum sentence of six months' incarceration.

Judgment of sentence affirmed.

---

[2] In **Barr**, this Court addressed the proper instruction for a jury to find that the defendant "refused" blood, breath or urine testing when properly requested to do so. Our statement that Barr's refusal increased the maximum penalty from six months' to five years' imprisonment was made in passing and was not essential to the decision in that matter. In other words, it is dictum. Dictum involving the interpretation of a statute is not controlling and is entitled to consideration only in a close or doubtful case. **See U.S. Steel Co. v. County of Allegheny**, 86 A.2d 838, 843 (Pa. 1952). This is not a close case because **Musau** unequivocally held that the current wording of Section 3803 requires a second DUI offense with refusal to be graded as a first-degree misdemeanor with a maximum prison sentence of six months.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2015