J-S10034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALAN BROADUS JR. | : | |
| | : | |
| Appellant | : | No. 652 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 1, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000006-2021

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: June 14, 2024**

Richard Alan Broadus, Jr. ("Broadus") appeals from the judgment of sentence imposed following his negotiated guilty plea to possession with intent to deliver a controlled substance ("PWID").[1] After careful review, we affirm.

We briefly summarize the relevant factual and procedural history of this case as follows. On September 1, 2021, the trial court accepted Broadus' negotiated guilty plea to PWID based on his arrest for delivering 5,027 stamp bags of fentanyl, weighing 98.6 grams, to a confidential informant. *See* N.T. 9/1/21, at 2-17. Further, the Commonwealth agreed to *nolle prosse* all remaining charges. *Id*. at 3, 17. Pursuant to the plea agreement, the trial court sentenced Broadus to three to six years of imprisonment with credit for time served. *Id*. at 32-33. The trial court found that Broadus was ineligible

---

[1] *See* 35 P.S. § 780-113(a)(30).

for both the Recidivism Risk Reduction Initiative[2] ("RRRI") and the State Drug Treatment Program[3] ("SDTP"). *Id*. at 20-32.

Broadus did not file a post-sentence motion or appeal the sentencing order. However, Broadus filed petitions pursuant to the Post-Conviction Relief Act ("PCRA")[4] in which he claimed that trial counsel was ineffective for failing to file a post-sentence motion and sought reinstatement of his post-sentence and direct appeal rights *nunc pro tunc*. The PCRA court granted the requested relief and reinstated Broadus' post-sentence and direct appeal rights *nunc pro tunc*. On January 27, 2023, Broadus timely filed a post-sentence motion challenging the denial of RRRI and SDTP. *See* Broadus' Post-Sentence Motion, 1/27/23, at 5. The trial court denied the motion on May 8, 2023. *See* Trial Court Order, 5/8/23. Thereafter, Broadus filed a timely notice of appeal expressly appealing the trial court's May 8, 2023 order, and the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Broadus complied, and in his concise statement he raised the following claim of error: "The PCRA court erred in denying relief where trial counsel was ineffective for failing to file post-sentence motions and a direct appeal to challenge the legality of Broadus's sentence, where he is eligible for

---

[2] *See* 61 Pa.C.S.A. § 4504.

[3] *See* 61 Pa.C.S.A. § 4105.

[4] *See* 42 Pa.C.S.A. §§ 9541-9546.

RRRI and SDTP." Concise Statement, 7/5/23, at 1 (unnecessary capitalization omitted).

In his appellate brief, however, Broadus frames his issue on appeal as follows: "The trial court erred in denying the post-sentence motion because Broadus was eligible for RRRI and SDTP." Broadus' Brief at 5 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Broadus preserved his issue for our review. Generally, when a trial court directs a defendant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), any issues not raised in that statement will are waived. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998); **see also** Pa.R.A.P. 1925(b)(3)(vii) (providing that "issues not included in the Statement . . . are waived"). However, a challenge which implicates the legality of an appellant's sentence is an exception to the issue preservation requirement. **See Commonwealth v. Thorne**, 276 A.3d 1192, 1196 (Pa. 2022) (holding that "an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*").

In his Rule 1925(b) statement, Broadus frames his issue as one of ineffectiveness of trial counsel for failure to file a post-sentence motion challenging the trial court's denial of eligibility under RRRI and SDTP. Clearly, Broadus' issue was improperly framed in the Rule 1925(b) statement, as he

successfully sought PCRA relief in the form of reinstatement of his post-sentence and appeal rights and, therefore, was no longer claiming ineffectiveness of counsel. Instead, although not indicated in his concise statement, Broadus intended to appeal the trial court's denial of his post-sentence motion in which he specifically argued that his sentence should be modified to make him eligible under both RRRI and SDTP.

This omission was noted by the trial court, which observed in its Rule 1925(a) opinion that the only error raised in Broadus' concise statement "directly implicates the [trial c]ourt's January 20, 2023 [order granting PCRA relief and reinstating Broadus' post-sentence and appeal rights] from which no appeal was taken." Trial Court Opinion, 8/7/23, at 3-4. Nevertheless, the trial court went on to address the merits of the issue that Broadus intended to raise, *i.e.*, whether he "was ineligible for either RRRI or SDTP at the time of sentence." *Id*. at 3-4.

Although the issue was incorrectly framed by counsel in the Rule 1925(b) statement, the trial court was able to ascertain the issue being raised by Broadus in the appeal from the denial of his post-sentence motion and rendered an opinion addressing the merits of the issue. Hence, appellate review has not been hindered in this case and we shall address the merits of Broadus' SDTP sentencing claim. *See Commonwealth v. Rogers*, 250 A.3d 1209, 1225 (Pa. 2021) (holding that appellant's claim as set forth in the concise statement, although brief, represented a good-faith attempt to comply

with Rule 1925 and did not prevent meaningful appellate review; thus, the Superior Court should have considered merits of the issue since the purpose of a concise statement "is to assist the trial judge in apprehending the issues and authoring an opinion accordingly for the benefit of the parties, the appellate court, and the public").

Broadus' claim that the trial court erred in not making him eligible for participation in SDTP presents a challenge to the discretionary aspects of his sentence. However, because Broadus pled guilty, we must examine the effect of his guilty plea upon his discretionary sentencing claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). It is well-settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of the sentence. **Id**. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have a sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. **Id**. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining and would make a sham of the negotiated plea process. **Id**.

In the instant case, Broadus agreed to plead guilty to possession with intent to deliver a controlled substance in exchange for a sentence of three to six years' incarceration followed by a term of probation to be set by the trial court. *See* N.T., 9/1/21, at 2-3. Broadus now takes issue with this sentence by arguing that the trial court erred by imposing "a sentence of total confinement, which was unduly excessive and harsh, by focusing solely on the seriousness of the crime, without consideration [of] Broadus' unique circumstances and rehabilitative needs". Broadus' Brief at 8. However, Broadus agreed to the terms of his guilty plea, including the specific duration of the sentence which he now claims was "unduly excessive and harsh." After accepting Broadus' plea, the trial court sentenced him to the agreed-upon sentence. *See* N.T., 9/1/21, at 32. Broadus did not challenge the validity of the plea proceedings or move to withdraw his plea. Accordingly, Broadus waived his discretionary sentencing claim. *See Reichle*, 589 A.2d at 1141.[5]

We next address Broadus' challenge relative to the trial court's failure to apply a RRRI minimum presents a non-waivable illegal sentencing claim. *See Commonwealth v. Finnecy*, 249 A.3d 903, 908 (Pa. 2021); *see also*

---

[5] Even if the issue were not waived, the able trial court correctly determined that Broadus was ineligible for participation in SDTP. *See* Trial Court Opinion, 8/7/23 at 4-5 (Finding that the unambiguous language of the SDTP statute provides that "[t]he judge shall exclude the person from eligibility if the prosecuting attorney opposed eligibility", 61 Pa. C.S.A. § 4104(a)(1); the Commonwealth opposed Broadus' entry into the SDTP at the time of sentencing; and Broadus was statutorily ineligible based on prior and current convictions for drug trafficking as defined in 61 Pa. C.S.A. § 4103).

*Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014) (holding that a challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence and cannot be waived).  Therefore, we may address Broadus' claim that the trial court erred in denying a RRRI minimum sentence.

This Court's standard of review when reviewing an illegal sentencing claims is well-settled.  Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. *See Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa. Super. 2006). Our standard of review over such questions is *de novo* and our scope of review is plenary.  *See Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa. Super. 2008).

The RRRI Act, set forth at 61 Pa.C.S.A §§ 4501, *et seq*.("RRRI Act"), provides for a reduced RRRI minimum sentence for certain eligible offenders, and states, in relevant part, as follows:

> This chapter seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S.A § 4502; *see also Commonwealth v. Chester*, 101 A.3d 56, 57 (Pa. 2014).[6]

---

[6] Although Broadus plead guilty and received a negotiated sentence in this case, he was still potentially eligible for an RRRI sentence.  *See Commonwealth v. Robinson*, 7 A.3d 868, 875 (Pa. Super. 2010).

"At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a). If the defendant is an eligible offender, then the sentencing court is to impose an RRRI minimum sentence, which is a fraction of the ordinary minimum sentence. 61 Pa.C.S.A. § 4505(c).

In order to be eligible for an RRRI minimum sentence, the RRRI Act provides that a defendant must satisfy each of the following requirements. Specifically, a defendant must establish that he:

> (1) Does not demonstrate a history of present or past violent behavior.
>
> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon . . . or was convicted of an offense involving a deadly weapon . . ..
>
> (3) **Has not been found guilty of or previously convicted of . . . a crime of violence as defined in 42 Pa.C.S.[A.] § 9714(g)** . . .
>
> (4) **Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following** . . .
>
> * * * *
>
> **Drug trafficking as defined in section 4103** (relating to definitions).
>
> (5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa.C.S.A. § 4503 (emphasis added).

The definition of a "crime of violence" includes robbery. *See* 42 Pa.C.S.A. § 9714(g). The definition of "drug trafficking" includes convictions for PWID, 35 P.S. § 780-113(a)(30), where the controlled substance in question is more than ten grams of fentanyl. *See* 61 Pa.C.S.A. § 4103.

Broadus argues that his 2004 robbery conviction, his 1995 firearm conviction, and his instant PWID conviction do not disqualify him from eligibility for an RRRI minimum sentence. *See* Broadus' Brief at 23-24. Broadus asserts that "relying upon decades old convictions contravenes the spirit and purpose behind the implementation of RRRI minimum sentences, when an individual has not exhibited violent conduct for decades." *Id*. at 24-25. Therefore, Broadus argues that he is eligible for an RRRI minimum sentence and should be resentenced accordingly.

In its opinion, the trial court concluded that Broadus' undisputed prior conviction for robbery made him ineligible for RRRI because it is a personal injury crime and therefore violates eligibility criterion of section 4503(3). *See* Trial Court Opinion, 8/7/23, at 6. Furthermore, the trial court found that Broadus' instant conviction for PWID constitutes a drug trafficking offense, violating the eligibility criteria under section 4503(4). *Id*.

We find Broadus' arguments unconvincing for several reasons. Broadus' current conviction for PWID, involving over ninety grams of fentanyl, and his past conviction for robbery disqualify him from eligibility to receive an RRRI minimum sentence pursuant to section 4503(3) and (4). *See* 42 Pa.C.S.A §

9714(g) (defining robbery as a "crime of violence"); **see also** 61 Pa.C.S.A §

4103 (defining "drug trafficking" as including convictions for possession with

intent to deliver more than ten grams of fentanyl). Broadus' appeal to the

spirit of the law fails in light of the plain wording of the statute, which does

not include a time limit for past convictions. Furthermore, Broadus does not

dispute that his current conviction for PWID, standing alone, makes him

ineligible for RRRI independently of his past conviction for a crime of violence.

Accordingly, as Broadus was not RRRI eligible, his illegal sentencing

claim merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/14/2024