J-S11019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY HAPPEL | : | |
| | : | |
| Appellant | : | No. 1055 WDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 18, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000602-2022

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:                    **FILED: June 2, 2026**

Appellant, Anthony Happel, appeals *nunc pro tunc* from the judgment of sentence of 4 to 8 years' incarceration, imposed after he entered a negotiated plea of guilty to Persons Not to Possess Firearms, 18 Pa.C.S. § 6105(a)(1), and Possession with Intent to Manufacture or Deliver a Controlled Substance ("PWID"), 35 P.S. § 780-113(a)(30).  After careful review, we affirm.

We need not delve into the underlying facts of this matter to dispose of the instant appeal.  The trial court summarized the procedural history in its Pa.R.A.P. 1925(a) opinion, as follows:

> On December 7, 2022, [Appellant] was charged by Formal Information with thirteen (13) counts of criminal conduct.  …
> [Appellant] was represented by Tyler Lindquist, Esquire.  On June 13, 2023, … [Appellant] entered a guilty plea to Count 1 — Person Not to Possess a Firearm, a felony 2, … and Count 9 — [PWID] marijuana, an ungraded felony….  The Commonwealth *nolle*

*prossed* the remaining eleven (11) charges pursuant to the plea agreement.

On July 18, 2023, … [Appellant orally moved to withdraw his guilty plea, which was heard and denied by the trial court. Afterwards, Appellant] was sentenced on Count 1 to a minimum period of incarceration of four (4) years to a maximum period of incarceration of eight (8) years. On Count 9, … [Appellant] was sentenced to a minimum period of incarceration of eighteen (18) months to a maximum of thirty-six (36) months to be served concurrent[ly] to the sentence imposed at Count 1. … [Appellant] filed a post-sentence motion on July 28, 2023.[1] The court addressed the post-sentence motion by an order of court dated August 16, 2023[,] indicating … [Appellant] was not RRRI eligible [because of his] conviction of the current firearm[] offense.

[1] In his post-sentence motion, … [Appellant] raised only one (1) issue asserting the trial court erred in finding … [Appellant] ineligible for the [Recidivism Risk Reduction Incentive ("RRRI"), 61 Pa.C.S. §§ 4501-4512,] program.

On September 18, 2023, … [Appellant] filed a timely notice of appeal.[2] … [Appellant] continued to be represented on appeal by Attorney Lindquist. The [trial] court did not order … [Appellant] to file a concise statement and issued a Statement in lieu of a [Rule] 1925 opinion … on September 29, 2023. On June 7, 2024, the Superior Court issued a decision dismissing [Appellant]'s direct appeal because appellate counsel[] failed to pay the required filing fees.

[2] The period for appeal is thirty (30) days. Pa.R.A.P. 903. The August 17, 2023 order set the thirty-day appeal period to September 17, 2023. As September 17, 2023[,] fell on a Sunday, the September 18, 2023 filing is considered timely. [*See* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").]

On February 3, 2025, … [Appellant] filed a petition [under the] Post [] Conviction Relief [Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546,] asserting various ineffective assistance of counsel claims. On February 10, 2025, the [trial] court appointed Melissa Merchant-Calvert, Esquire[,] as PCRA counsel. On April 15, 2025, … [Appellant] filed an amended PCRA petition. On May 29, 2025, a PCRA hearing was held and the [trial] court received testimony and evidence on the sole issue of whether Attorney Lindquist was ineffective for failing to pay the filing fees associate[d] with perfecting the appeal. On June 5, 2025, the [trial] court entered an order finding Attorney Lindquist ineffective, granting … [Appellant]'s PCRA petition, and reinstating … [Appellant]'s direct appeal rights.

On August 20, 2025, … [Appellant] filed a notice of appeal *nunc pro tunc*.[3]

> [3] On June 6, 2025, the [trial] court issued an order directing … [Appellant] to file a [Pa.R.A.P. 1925(b)] concise statement of errors complained of on appeal. On June 24, 2025[, Appellant] filed a concise statement. On July 21, 2025, the [trial] court entered a [Rule] 1925[a] opinion. [However,] no notice of appeal [had been] filed following the [trial] court's reinstatement of … [Appellant]'s appellate rights on June 5, 2025.
>
> On August 4, 2025, the [trial] court received a letter from the Superior Court indicating the instant matter was improperly before the appellate court because no notice of appeal [had been] filed following the June 5, 2025 order reinstating … [Appellant]'s appellate rights. On August 14, 2025, the [trial] court issued an order directing … [Appellant] to file a notice of appeal and striking the June 6, 2025 concise statement order, the June 24, 2025 concise statement, and the July 21, 2025 [Rule] 1925[a] opinion. On August 20, 2025, … [Appellant] filed a notice of appeal *nunc pro tunc*.[1]

_____

[1] Although the court's August 14, 2025 order is docketed, it does not appear to be included in the certified record. Nevertheless, we will consider this order as having reinstated Appellant's direct appeal rights again, making his notice of appeal filed on August 20, 2025, timely. **See** Pa.R.A.P. 903 (stating a notice

*(Footnote Continued Next Page)*

Trial Court Opinion ("TCO"), 9/8/2025, at 1-2 (internal citations and unnecessary capitalization omitted).

The court thereafter issued another order directing Appellant to file a Rule 1925(b) statement, and Appellant timely complied on September 4, 2025. The trial court issued its Rule 1925(a) opinion on September 8, 2025. Appellant now presents the following issues for our review:

1. Whether the trial court erred in finding [Appellant] is not RRRI [e]ligible?

2. Whether the trial court erred in denying [Appellant]'s motion to withdraw his guilty plea at the time of sentencing, due to the Commonwealth['s] violating the terms of the plea agreement, specifically [by not permitting Appellant to] … resolve his case in Lebanon County prior to sentencing [in the instant case,[2]] and not mentioning an objection to the State Drug Treatment Program at the time [Appellant] entered his plea?

Appellant's Brief at 6.

In his first issue, Appellant argues the trial court erred in refusing to find him eligible for the RRRI program. He contends the RRRI Act is ambiguous in defining the requirements for eligibility, and the court improperly determined he was ineligible based on his instant firearm offense, for which he had not yet been sentenced.

_____

of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

[2] At the time Appellant was sentenced at the instant case, he "was charged with five (5) counts of criminal conduct at Lebanon County Docket Number CP-38-CR-788-2022." TCO at 4 n.4. Appellant later pled guilty to two counts of PWID and was sentenced to two (2) to six (6) years' incarceration in that case. *Id.*

Before delving into the specifics of Appellant's argument, we note "[i]t is legal error to fail to impose a[n] RRRI minimum on an eligible offender." *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014). A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Id.* This Court's standard when reviewing illegal sentencing claims is well-settled. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. *See Commonwealth v. Ausberry*, 891 A.2d 752, 754 (Pa. Super. 2006). Our standard of review over such questions is *de novo* and our scope of review is plenary. *See Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa. Super. 2008).

We also recognize that when interpreting a statute,

> [o]ur task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S. § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S. [§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S. § 1921(c). Moreover, while statutes generally

should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

*Commonwealth v. Wilson*, 111 A.3d 747, 751 (Pa. Super. 2015) (quoting

*Commonwealth v. Shiffler*, 879 A.2d. 185, 189-90 (Pa. 2005)).

In this case, the statute at issue, 61 Pa.C.S. § 4503, defines an "eligible person" for RRRI purposes, in relevant part, as follows:

"**Eligible person.**"  A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

\*\*\*

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant **has been found guilty of** or was convicted of an offense involving a deadly weapon or **offense under 18 Pa.C.S. Ch. 61** (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these offenses.

61 Pa.C.S. § 4503(2) (emphasis added).

Here, the trial court found Appellant was not eligible for RRRI as "Appellant pled guilty to Count 1 – Persons Not to Possess a Firearm in violation of 18 Pa.C.S. § 6105(a)(1), a disqualifying offense…." TCO at 4.  In response, Appellant argues the court erred by finding him ineligible based on his **instant** firearm offense, for which he had not yet been sentenced. Appellant's Brief at 8, 11.  He maintains the statute only disqualifies

individuals who have ***prior convictions*** for certain offenses, for which they have already been sentenced. ***Id.*** at 11. In other words, Appellant contends "the statutory definition of eligibility for RRRI does not include a charge awaiting sentencing…." ***Id.*** at 8. He reasons:

> If the General Assembly intended to exclude inmates from RRRI eligibility based on pending charges awaiting sentencing, it could have done so expressly; however, its failure to include such language must be given effect. Moreover, subsection (4) of [Section] 4503 includes specific crimes that render a defendant ineligible for RRRI. If the General Assembly intended to bar disability based on a pending firearm charge, it would have specifically listed that charge in subsection (4).

***Id.*** at 12.

We conclude Appellant's argument is meritless. The court's decision that he is ineligible for the RRRI program was correct under the plain language of the statute. Section 4503(2) unambiguously excludes offenders from RRRI eligibility who "ha[ve] been ***found guilty*** of … [an] offense under 18 Pa.C.S. Ch. 61." 61 Pa.C.S. § 4503(2) (emphasis added). As Appellant pled guilty to one of the listed offenses that precludes eligibility under the RRRI Act, he was "found guilty" of a disqualifying offense, and the trial court correctly deemed him ineligible.

We agree with the Commonwealth that "Appellant attempts to misapply or add language to the statute to bolster his argument." Commonwealth's Brief at 2. Namely, he reads into the statute a requirement that a defendant must have been found guilty of, ***and sentenced for***, a disqualifying offense to be ineligible for the RRRI program. It is well-settled that "[w]e are bound

- 7 -

by the unambiguous language of the statute and cannot read language into it that simply does not appear." ***Commonwealth v. Coleman***, 285 A.3d 599, 610-11 (Pa. 2022) (cleaned up).  Instantly, Appellant's interpretation is belied by the plain language of the statute, which disqualifies a defendant who "has been found guilty of or was convicted" of the offenses described.  61 Pa.C.S. § 4503(2).  Further, Appellant's contention that "the statute does not explicitly bar eligibility based on pending, open, or awaiting-sentencing cases" is also belied by the statute itself.  Appellant's Brief at 11.  To be eligible for the RRRI program, 61 Pa.C.S. § 4503(5) requires that an individual "[i]s not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition."  Thus, we conclude that the trial court did not err in finding Appellant is not RRRI eligible.  Appellant's first issue merits no relief.

In his second issue, Appellant argues the trial court erred in denying his presentence motion to withdraw his guilty plea because the Commonwealth violated the terms of the plea agreement.  Appellant's Brief at 12.  Specifically, Appellant contends he "entered a guilty plea with the agreement that he would be permitted to resolve his case in Lebanon County" prior to his sentencing in the instant case, yet "he was unable to do so."  ***Id.*** at 8.  Appellant also maintains the Commonwealth violated his plea agreement because

> the Commonwealth indicated they were asking the sentencing court to include as part of the sentence the Commonwealth's non-consent to [Appellant's] participating in the State Drug Treatment Program.  At no point prior to the plea did the Commonwealth disclose that it would oppose participation in the State Drug

- 8 -

Treatment program. That objection was raised for the very first time at the sentencing hearing.

***Id.*** at 14 (citation omitted).

Appellant argues the Commonwealth's actions warranted the withdrawal of his plea, reasoning:

Pennsylvania courts have consistently held that a plea is not knowing, intelligent, or voluntary where the defendant is misled about the consequences of the plea. ***Commonwealth v. Persinger***, 615 A.2d 1305 (Pa. 1992). The Commonwealth's silence regarding its intent to oppose [Appellant's participating in the] State Drug Treatment Program followed by a belated objection at sentencing fundamentally altered the sentencing landscape and deprived … Appellant of the benefit of his bargain. Appellant entered the guilty plea with a reasonable expectation that rehabilitative sentencing options, including the State Drug Treatment Program, remained available, at the discretion of the Department of Corrections. Had … Appellant known the Commonwealth would oppose the State Drug Treatment Program, he could have negotiated different plea terms, sought an explicit agreement regarding treatment, or elected to proceed to a trial. Instead, the Commonwealth waited until sentencing, when … Appellant's leverage was gone, to announce its opposition.

***Id.*** Thus, Appellant concludes "[t]he Commonwealth unilaterally altered the consequences of Appellant's impending sentence by remaining silent [prior to the sentencing hearing] relative to Appellant's eligibility for the State Drug Treatment Program, and by agreeing to Appellant['s] resolving his other case[,] but not [permitting him] to do so prior to sentencing." ***Id.*** at 15. Thus, he maintains the court should have granted his motion to withdraw his plea.

We review a trial court's denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Baez***, 169 A.3d

35, 39 (Pa. Super. 2017); **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017). **See also** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty[.]"). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa. Super. 2013) (citation omitted).

We have further elaborated on our review of a presentence motion to withdraw a guilty plea, stating:

> "[T]he term 'discretion' imports the exercise of judgment, wisdom, and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." [**Commonwealth v. Norton**, 201 A.3d 112, 121 (Pa. 2019)] (quoting **Commonwealth v Widmer**, [] 744 A.2d 745, 753 ([Pa.] 2000)). The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. **Id.** "The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial – perhaps the most devastating waiver possible under our constitution." … **Islas**, 156 A.3d [at 1188] … (quoting **Commonwealth v. Elia**, 83 A.3d 254, 262 (Pa. Super. 2013)…). Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion. **Norton**, 201 A.3d at 121.

- 10 -

***Commonwealth v. Garcia***, 280 A.3d 1019, 1024 (Pa. Super. 2022).

There are several considerations that factor into a decision on a presentence motion to withdraw a guilty plea:

> (1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Norton***, 201 A.3d at 116 (quoting ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015)) (quotation marks omitted).

> A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. Trial courts have discretion to assess the plausibility of claims of innocence.

***Garcia***, 280 A.3d at 1023 (internal citations and quotations omitted).

The "fair-and-just reason" determination for the presentence withdrawal of a guilty plea must be determined on a case-by-case basis. ***Norton***, 201 A.3d at 122 n.7. "[W]e are not creating any per se rules regarding what constitutes a fair and just reason[.] … Rather, when ruling on a presentence motion to withdraw a guilty plea, a court should carefully exercise its discretion in accordance with the law." ***Id.***

Our review of the record reveals the following. In his oral motion to withdraw his guilty plea at sentencing, counsel for Appellant stated:

In speaking with [Appellant], he would like [] for me to make a request to withdraw his guilty plea at this time. [Appellant] has had time to think about this and given the fact that he is currently in treatment[,] and the Commonwealth has been opposed to him following through with that, he feels that … the Commonwealth has not upheld their end of the plea agreement that we had discussed. One of the main things that was discussed was allowing him to be out on bail not only to address his case in Lebanon County, which is scheduled for a hearing on August 2nd, which he would likely intend to enter a guilty plea and hopefully be sentenced at the same time, but also that he was able to follow through with any sort of treatment, which he is at Passavant. I know that he does wish to keep following through with that, so at this point we would ask that the [c]ourt would consider allowing him to withdraw his guilty plea.

N.T. Sentencing, 7/18/2023, at 2-3. Counsel for Appellant also stated, "I talked to Appellant and he had indicated if he had been allowed to have a delayed report date that he would not want to withdraw his guilty plea." ***Id.*** at 4.

In response to Appellant's argument, in its Rule 1925(a) opinion, the trial court explained:

In this case, … [Appellant] does not assert he attempted to withdraw his plea to … claim [] innocence. Rather, he asserts the Commonwealth violated the terms of the plea agreement. The [trial] court finds [Appellant]'s claim is factually incorrect, thereby, [Appellant] fails to demonstrate a fair and just reason for withdrawing his plea. The record supports the conclusion that the Commonwealth upheld every term of the plea agreement. On June 12, 2023, … [Appellant] entered into a negotiated guilty plea agreement with the Commonwealth where he agreed to plead guilty to [the offenses described *supra*]. In exchange, the Commonwealth was required to recommend a term of imprisonment for a minimum of four (4) years to a maximum of eight (8) years, *nol pross* the remaining charges, and offer "no objection to an unsecure bail amount of $175,000 while the [Appellant] resolves his case in Lebanon County." No other term or condition was stated in the guilty plea agreement.

- 12 -

The Commonwealth fully performed all these terms. On June 12, 2023, the [trial] court entered an order modifying … [Appellant]'s bail to $175,000 unsecured with the non-monetary bail condition of pretrial supervision by Court Supervision Services. In the order of court modifying bail, the [trial] court noted that the Commonwealth did not object to the modification. At the July 18, 2023 sentencing hearing, the Commonwealth recommended an aggregate term of imprisonment for a minimum of four (4) years to a maximum eight (8) years. On July 31, 2023, the Commonwealth filed a motion for *nolle prosequi* on Counts 2 through 8[,] and it was granted by the [trial] court the same day. … [Appellant]'s claim that the Commonwealth failed to perform their obligations under the plea is meritless.

[Appellant]'s claim that the Commonwealth violated the terms of the plea agreement by objecting to [his] entry into the State Drug Treatment Program is also meritless. While the Commonwealth did object to … [Appellant]'s entry into the State Drug Treatment Program, it was not a term of the June 12, 2023 plea agreement that the Commonwealth would recommend … [Appellant] for the program or abstain from objecting to his entry. The sentencing court inquired at the hearing if there was an additional written agreement to the June 12, 2023 plea agreement and [Appellant's trial] counsel did not proffer any other agreement, written or otherwise.

In reviewing the record, the [trial] court finds … [Appellant]'s attempt to withdraw his guilty plea as an attempt to delay being taken into custody, not to assert any claim of innocence.

\*\*\*

A delayed reporting date was not a term of the plea agreement and … [Appellant] cannot now assert the trial court erred in failing to uphold a term not in the plea agreement. … [Appellant] has no right to a delayed reporting date[,] and the terms of a sentence are vested with the sentencing court. Furthermore, a sentenc[ing] court has discretion in scheduling the date and time for sentencing and is not required to wait on a defendant to resolve all outstanding criminal matters in another county. The [trial] court, not the Commonwealth, determines the date for sentencing.

TCO at 5-8 (internal citations and unnecessary capitalization omitted).

We discern no abuse of discretion in the trial court's determination that Appellant's arguments did not establish a fair and just reason to withdraw his plea. The record plainly supports the trial court's conclusion that the Commonwealth complied with its obligations under the plea agreement. *See* Plea Agreement Form, 6/13/2023, at unnumbered 1. Appellant's contentions that the Commonwealth violated the plea agreement based on Appellant's inability to handle his Lebanon County case prior to sentencing and for objecting to the State Drug Treatment Program are meritless, as the plea agreement is void of either. *See id.* As Appellant failed to present a fair and just reason for withdrawing his plea, we need not consider whether the withdrawal would have substantially prejudiced the Commonwealth. *See Carrasquillo*, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth because defendant failed to assert a fair and just reason to withdraw the plea).

Accordingly, we conclude Appellant's claims are meritless. We discern no error in the trial court's determination that Appellant was not RRRI eligible, and no abuse of discretion in the court's decision to deny Appellant's oral presentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/2/2026